RUMFORD NATIONAL BANK *vs.* ROBAIN ARSENAULT et als.

Oxford.    Opinion June 9, 1911.

*Nonsuit.    Variance.    Amendments.    Revised Statutes, chapter 84, section 98.*

1.  Where the declaration describes a note signed by four and the note put in evidence is signed by only three, the variance is cured by a discontinuance as to the defendant who did not sign the note, and then is not cause for a nonsuit.

2.  In an action upon a several contract against three, the fact that the evidence against one of the three does not show him to be liable is not cause for a nonsuit.  The plaintiff might still be entitled to a verdict against the others under Revised Statutes, chapter 84, section 98.

3.  As a general rule, variances that are remediable by allowable amendments or discontinuances are not grounds for nonsuit.

On exceptions by plaintiff.    Sustained.

Assumpsit on a promissory note against the defendant Arsenault, Richmond Manufacturing Company, a corporation, Edwin Riley, and John H. Maxwell.    The note was payable to the order of the defendant Arsenault and by him was indorsed and delivered to the plaintiff, but he was joined in the suit as a maker of the note.    Plea, the general issue with a brief statement on the part of the Richmond Manufacturing Company alleging that the note "was never made by it," and also a brief statement on the part of Riley and Maxwell alleging that they had been induced to sign the note "by reason of certain inducements and promises held out to them" by Arsenault, and "that said promises and inducements" had not been kept by Arsenault, and that "by reason of the failure to keep said promises and agreements" there had been a total failure of consideration, etc.

At the conclusion of the evidence, a nonsuit was ordered and the plaintiff excepted.

The case is stated in the opinion.

*L. W. Blanchard*, for plaintiff.

*M. McCarthy*, for defendant Arsenault.

*Bisbee & Parker*, for other defendants.

SITTING:  EMERY, C. J., WHITEHOUSE, SAVAGE, CORNISH, KING, BIRD, JJ.

EMERY, C. J.  This was an action against the Richmond Manufacturing Company and three individuals, Riley, Maxwell and Arsenault, as promissors upon a promissory note payable to the order of Arsenault, and by him endorsed and delivered to the plaintiff bank.  The note offered and admitted in evidence, however, was signed as promissors only by the Richmond Company, Riley and Maxwell.  Arsenault had merely endorsed it as payee and endorser.  The defendants asked for an order of nonsuit because of this variance, whereupon the plaintiff by leave of court discontinued as to Arsenault.  The court nevertheless then ordered a nonsuit and the plaintiff excepted.

1.  The discontinuance as to Arsenault left the action as if originally brought against the other three defendants only, so that at the time of the nonsuit there was no variance as to defendants between the note declared on and that put in evidence.

2.  The note was subscribed by Riley and Maxwell personally, and also bore the subscription "Richmond Manufacturing Company by Edwin Riley, Pres. J. L. Cummings Treas."  There was no other evidence that the note was that of the company.  This lack of evidence is also urged as sufficient ground for the nonsuit.  But the nonsuit cannot be maintained on that ground,  The note was admittedly the note of Riley and Maxwell, the individual defendants, since they had not denied their signatures as required by Court Rule X.  As the case stood, the plaintiff was entitled to a verdict against them, even if not against the company, R. S., ch. 84, sec. 98.  The insufficiency of the evidence against the company, (if it was insufficient) might have required a direction for a verdict in its favor if asked for, but did not require, nor authorize, a nonsuit as to the other defendants.

3.  In the declaration the note was described as bearing interest while the note in evidence did not bear interest.  This variance, however, was not urged at the trial as ground for the nonsuit,

and is easily remedied by amendment of the declaration. Hence it cannot be admitted here as ground for sustaining the nonsuit.

4. As a general rule variances that are remediable by allowable amendments or discontinuance are not grounds for a nonsuit unless the plaintiff refuses to make the necessary amendments.

*Exceptions sustained.*
*Case to stand for trial.*